UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE, | No. 2:13-cv-2163 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed on October 28, 2013, plaintiff was directed to either file an in forma pauperis affidavit or pay the required filing fee ($350.00 plus the $50.00 administrative fee[1]) within thirty days.  See 28 U.S.C. §§ 1914(a), 1915(a).  ECF No. 4.  In a December 2, 2013 filing, plaintiff states that he has not received any response to his October 29, 2013 written request to the inmate trust office for a certified statement of his prison trust account.  ECF No. 5. Plaintiff, who is vision impaired, further indicates that when he later made spoken requests for assistance, he was informed by unnamed staff members that CDCR policy and/or regulations prohibit assistance in response to an oral request.  Id.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

1    Plaintiff will be granted a thirty-day extension of time either to submit the appropriate
2    affidavit in support of a request to proceed in forma pauperis or to submit the required fees
3    totaling $400.00.

4    If plaintiff is not provided the certified affidavit necessary to proceed in forma pauperis
5    within twenty-one days of the date of this order because the inmate trust office refuses to provide
6    him the documentation and certification he seeks, the court will require a response from Warden
7    Ron Rackley or his designee indicating the reason. No defendants have been served with process.
8    Usually persons or entities not parties to an action are not subject to orders for injunctive relief.
9    Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that the
10   warden is not a party does not automatically preclude the court from acting. The All Writs Act
11   authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate
12   in aid of their respective jurisdictions... ." Clinton v. Goldsmith, 526 U.S. 529, 534, 119 S. Ct.
13   1538, 1542 (1999), quoting 28 U.S.C. § 1651(a). The All Writs Act, 28 U.S.C. § 1651(a),
14   permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and
15   agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities,
16   Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159
17   (1977). This section does not grant the court plenary power to act in any way it wishes; rather,
18   the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.
19   Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

20   The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute
21   this action because he cannot provide the documentation necessary for the court to assess whether
22   he is qualified to proceed in forma pauperis.

23   In accordance with the above, IT IS HEREBY ORDERED that:

24   1. Plaintiff is granted an extension of time of thirty days from the date of this order in
25   which to provide an affidavit in support of his request to proceed in forma pauperis on the form
26   provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to
27   comply with this order through any fault of his own will result in a recommendation that this
28

2

action be dismissed;

2. The Clerk of the Court is directed to send plaintiff another Application to Proceed In Forma Pauperis By a Prisoner;

3. In response to plaintiff's request at ECF No. 5, should plaintiff not be provided a copy of his certified trust account by the inmate trust office within twenty-one days of the date of this order, Warden Ron Rackley or his designee must show cause in this court why plaintiff has not been provided such documentation; and

4. The Clerk of the Court is directed to mail a copy of this order to:

Warden Ron Rackley
The California Health Care Facility – Stockton (CHCF)
P.O. Box 32050
Stockton, CA 95213

DATED: December 17, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3