UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-2163 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Following the transfer of this case from the Fresno Division, this court twice issued orders requiring plaintiff either to submit an affidavit in support of his request to proceed in forma pauperis or to pay the filing fee.[1] On January 8, 2014, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

---

[1] See Order at ECF No. 4, filed on October 28, 2013, and Order at ECF No. 6, filed on December 17, 2013.

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1  reasonable inference that the defendant is liable for the misconduct alleged." Id.

2  In reviewing a complaint under this standard, the court must accept as true the allegations
3  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
4  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
5  the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

6  Plaintiff, currently housed at the California Health Care Facility (CHCF), provides no
7  names for defendants, instead listing them as Doe defendants or identifying them by position:
8  "the head of California prisons;" "chief medical officer (CMO)- Sacramento"; the CHCF warden;
9  the CHCF CMO; "Doe doctors 1-50" at CHCF; "Doe 1-50 supervisor [s] Health Care Services";
10 "Doe 1-50 mental health supervisors California Health Care"; "Doe 1-50 Correctional Officers."
11 He seeks compensatory and punitive damages from this "name[d] staff" because he is being
12 deprived of information necessary to make treatment decisions, and is therefore forced to accept
13 the treatment provided. Complaint at 1-2.

14 Plaintiff alleges that since his arrival at CHCF on September 10, 2013 (from the California
15 Medical Facility), he has been placed in some form of disciplinary housing and not allowed to
16 leave the cell except for two hours every other day. Plaintiff has a wide variety of complaints: the
17 lights are never turned off; he is not allowed to attend church; he cannot communicate with
18 inmates in other units; he is denied law library access to address his claim of innocence; he cannot
19 talk to counsel. He also claims he has not been provided with basic clothing because his size is
20 unavailable, including shoes for "a[n] extra large foot." He has to pay for his own socks. He
21 alleges that an unnamed nurse took his portable oxygen tank so that he has to return to his cell for
22 oxygen for his COPD condition. He has difficulty with his vision for which he has not received
23 assistance and upon his transfer from CMF unknown custody staff broke his hearing aids and lost
24 parts of the C-Pap machine he has for his sleep apnea. He has been denied the replacement or
25 repair of both. His is sleeping only two and a half to four hours and his treatment is impacting his
26 mental health. Complaint at 3-7, 10, 14.

27 Plaintiff also asserts that no doctor has explained what treatment he was transferred to
28 receive, and he has filed an administrative appeal on that issue but has received no response. He

has suffered two strokes and is supposed to have a device to help him in and out of bed but has been told the facility does not have such equipment, and claims to have injured himself three times trying to move. When plaintiff's request to see someone in mental health was answered after six days of requests, correctional staff would not allow plaintiff to come out of the cell to talk about his condition. Id. at 8-9, 11, 13.

Plaintiff states that he brings this action under 42 U.S.C. § 1983 and the Americans With Disabilities Act. Section 1983 provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to identify any individual defendants by name. Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990)). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Amendment is allowed, however, to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989). Therefore, plaintiff will be granted an opportunity to amend to identify specific individuals assuming he can frame colorable claims against such

1   persons.

2         Plaintiff may bring a claim pursuant to Title II of the ADA against state entities for
3   injunctive relief and damages.  See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791
4   (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002).  However, he cannot seek
5   damages pursuant to the ADA against the defendants in their individual capacities.  Eason v.
6   Clark County School Dist., 303 F.3d 1137, 1144-45 (9th Cir. 2002), cert. denied, Clark County
7   School District v. Eason, 537 U.S. 1190 (2003); see also, Vinson v. Thomas, 288 F.3d 1145, 1148
8   (9th Cir. 2002), cert. denied, Hawaii v. Vinson, 123 S. Ct. 962 (2003); Garcia v. S.U.N.Y. Health
9   Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001).  To the extent plaintiff alleges violations of the
10  ADA by any individual defendant, such claims may proceed only to the extent that plaintiff seeks
11  injunctive relief and has sued such individual defendant in an official capacity.  Miranda B. v.
12  Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Armstrong v. Wilson, 124 F.3d 1019, 1025-
13  26 (9th Cir. 1997).

14        Title II of the ADA prohibits a public entity from discriminating against a qualified
15  individual with a disability on the basis of a disability.  42 U.S.C. § 12132 (1994); Weinrich v.
16  L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under Title
17  II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2)
18  the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's
19  services, programs, or activities; (3) the plaintiff was either excluded from participation in or
20  denied the benefits by the public entity; and (4) such exclusion, denial of benefits or
21  discrimination was by reason of the plaintiff's disability.  Weinrich, 114 F.3d at 978.

22        "[T]he ADA prohibits discrimination *because of* a disability, not *inadequate treatment for*
23  *a disability*."  Rucker v. Trent, 2012 WL 4677741 at * (N.D. Cal. Sept. 30, 2012)[emphasis
24  added].  Here, plaintiff posits a litany of complaints which amount to claims of inadequate
25  treatment for various medical conditions rather than discrimination by defendants on the basis of
26  his alleged disability or disabilities.  Moreover, plaintiff does not expressly seek injunctive relief
27  and to the degree he intends to sue for money damages against individual defendants he is
28  foreclosed from doing so under the ADA.  Plaintiff's claims based on the ADA will be dismissed

5

1  but plaintiff will be granted leave to amend.

2  With regard to plaintiff's complaint that he was transferred without his own consent, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223-225 (1976).  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights).

To the extent that plaintiff may seek to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that the defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. However, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Nor is a mere delay in medical care (without more) or a difference of opinion over proper medical treatment, sufficient to constitute an Eighth Amendment violation. See, e.g., Estelle,, 429 U.S. at 105-06; Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); see also, Toguchi, 391 F.3d at 1058-60; Jackson v. McIntosh, 90 F.3d at 332; Sanchez v.Vild, 891 F.2d 240, 242 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir.1984).

Plaintiff also alleges that he was not allowed to attend church, depriving him of the opportunity to practice his religion. He links no individual to such deprivation nor has he sufficiently alleged that the deprivation was a form of discrimination based on his disability. To implicate the Free Exercise Clause of the First Amendment, an inmate must allege that his sincerely held religious belief has been impinged based on a regulation (or for a reason) not reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884-85

(9th Cir.2008).  Under RLUIPA,[2] a prisoner must show that a challenged policy imposes a substantial burden on the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).  Plaintiff's claims brought under § 1983 will be dismissed but plaintiff will be granted leave to amend.  Plaintiff will be provided the proper form for filing a § 1983 action in this court.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

---

[2] Religious Land Use and Institutionalized Persons Act of 2000.

When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Moreover, because plaintiff's claims are not colorable as pleaded and the complaint must therefore be dismissed, the court is unable to evaluate the likelihood of success on the merits.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. The Clerk of the Court is to provide plaintiff with a copy of the form used by prisoners to file a civil rights action in this court.

////
////
////
////

5. Plaintiff's requests for the appointment of counsel (ECF Nos. 8 and 9) are denied.

DATED: March 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE