UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-2163 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v.

1

Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

The court ordered service of plaintiff's first amended complaint upon four defendants (doctors) by order filed on October 21, 2014.[1]  ECF No. 21.  Plaintiff requests appointment of counsel, asserting that his "blindness" forecloses his ability to access the prison law library.  ECF No. 25.  Plaintiff includes a letter from what appears to be his primary care physician, confirming that plaintiff suffers from a "severe vision impairment" and can neither read nor write on his own.  Id. at 6.  Medical documentation indicates plaintiff is "legally blind."  Id. at 7.

As plaintiff has been previously informed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  See Order, ECF No. 18, filed on September 25, 2014.  The court has also noted that prisoner-plaintiffs proceeding pro se are commonly afflicted with disabilities but are able nonetheless to proceed with their litigation on their own.  Id. at 5-6.

Plaintiff has been able, with or without inmate assistance, to proceed to the point of having framed colorable claims of a violation of the Eighth Amendment in the treatment of his visual impairment/conditions by four defendant physicians.  At this time, the court does not find the requisite exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 14, 2014 and November 24, 2014 motions for the appointment of counsel (ECF Nos. 20 and 25) are denied.

DATED: December 5, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has consented to dismissal of two defendants and an ADA claim.

2