UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE, | No. 2:13-cv-2163 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. Presently pending are plaintiff's eighth and ninth requests for appointment of counsel. For the reasons stated herein, plaintiff's request for appointment of counsel will be granted on an initially limited basis.

In his eighth request, prepared by another inmate, plaintiff states that he is "100% blind" and therefore unable to "access the courts" on his own. Plaintiff states that, without the assistance of others, he cannot utilize the prison law library, prepare briefs or participate in discovery. Moreover, plaintiff states that seeking the assistance of other inmates places him "directly in the position of being victimized, abused, and or taken advantage of by fellow prison inmates, legally competent or not." ECF No. 42 at 3. Plaintiff's ninth request was prepared by a correctional counselor as an accommodation to plaintiff under the Americans with Disabilities Act (ADA).

1

1  The counselor avers therein that plaintiff "may be unable to effectively communicate with the
2  court or fully prosecute this action due to [his] claimed disability." ECF No. 43 at 1. Plaintiff's
3  claimed disability is identified as "100% blind," and his requested accommodation is
4  "Assignment of Counsel and/or Paralegal to subpoena medical documents, conduct research, help
5  conduct discovery, interview witnesses, and interview defendants." Id.

6  As plaintiff has been repeatedly informed, district courts do not have the authority to
7  require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States
8  Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may the district
9  court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v.
10 Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
11 (9th Cir. 1990). The court must evaluate plaintiff's likelihood of success on the merits and
12 plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues
13 involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look,
14 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of
15 legal education and limited law library access, do not establish the requisite exceptional
16 circumstances that would warrant a request for voluntary assistance of counsel. The burden of
17 demonstrating exceptional circumstances is on plaintiff. Palmer v. Valdez, 560 F.3d 965, 970
18 (9th Cir. 2009). See also General Order No. 230, U.S. District Court, Eastern District of
19 California (setting forth the criteria and procedure for appointment of counsel in Section 1983
20 cases).

21 In denying plaintiff's prior requests for appointment of counsel, the undersigned found
22 that: (1) the court was unable to evaluate the likelihood of plaintiff's success on the merits of his
23 claims, when his original complaint was dismissed with leave to amend, see ECF No. 10 at 8-10;
24 (2) the court remained unable to evaluate the likelihood of plaintiff's success, because he had not
25 yet decided whether to proceed on his First Amended Complaint (FAC), ECF No. 13, or to file a
26 Second Amended Complaint (SAC), see ECF No. 18 at 5-7; (3) the court observed that, despite
27 plaintiff's visual impairment and need for assistance from other inmates, he had successfully
28 proceeded in this action without appointment of counsel, see ECF No. 26 at 2; and (4) the request

was moot because joined with a request for reimbursement of an overpayment, which had been paid, see ECF No. 33 at 1.

While considering plaintiff's numerous requests, the court found that plaintiff's FAC states an Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs, concerning the treatment he received for his eyes and vision, against defendants Dr. Crossoh (alternatively spelled Crosoh); Dr. Manuel Sabin; Dr. Thomas; and Dr. Knok (spelled Knock in the alternative). ECF No. 18 at 2. Although plaintiff was granted leave to file a SAC (to attempt, inter alia, to add a cognizable Eighth Amendment claim against LVN McCormic and/or an ADA claim against Warden Rackley or other official, id. at 2-4), he chose to proceed on his FAC and submitted materials for the United States Marshal to serve process on defendants. However, as of the date of this writing, only defendant Sabin has been served and appeared in this action; the Marshal's efforts to serve the other defendants have been unsuccessful. On April 20, 2015, the court issued a Discovery and Scheduling Order. ECF No. 40. Plaintiff's current filings include proposed requests under the California Public Records Act to obtain additional information concerning the locations of the remaining defendants. See ECF No. 41.

Defendant Sabin has opposed plaintiff's motion. See ECF No. 45. It is entirely unclear that he has standing to do so. The request for appointment of counsel does not implicate defendant's interests. The determination whether appointment of counsel is appropriate in a given case is a matter solely within the court's discretion. As the governing standards indicate, the court is required to assess the potential merit of the action and the unique circumstances and ability of the plaintiff to pursue his or her claims; this assessment is purposefully insulated from the adversarial process. For these reasons, defendant Sabin's opposition will be stricken.[1]

---

[1] Nevertheless, the court notes the following regarding one of the cases relied on by defendant. Defendant cites Scott v. McDonald, 2012 U.S. Dist. LEXIS 154299, at *2-4 (E.D. Cal. Oct. 26, 2012) (also at Case No. 2:09-cv-0851 MCE EFB P (E.D. Cal. Oct. 26, 2012), ECF No. 96 at 2-3), in which the court denied plaintiff's request for appointment of counsel because, although plaintiff was blind, paraplegic and had a learning disability, he had filed coherent and well supported documents with the assistance of other inmates, and the court could not at that time discern whether plaintiff had a likelihood of success on the merits of his claims. Id. However, the court subsequently appointed counsel in this case, finding that "it appears that [plaintiff's] (continued…)

3

In the present case, the allegations of the FAC, together with official acknowledgement of plaintiff's total blindness, demonstrates that plaintiff's Eighth Amendment claim challenging the medical treatment for his eyes and vision has a reasonable likelihood of success on the merits. It also appears that, properly pled, plaintiff may be able to state and prevail on a cognizable ADA claim against one or more officials. Plaintiff's total blindness renders him unable to pursue this action without the assistance of other inmates and/or correctional staff, which is not predictable. In sum, the court finds that plaintiff has a reasonable likelihood of success on the merits of this action, but is not capable of effectively pursuing his own interests. For these reasons, the court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Nevertheless, given the limited number of available volunteer counsel, this appointment will be for a limited time and purpose.

Discovery will be stayed in this action pending appointment of counsel, and the deadlines for discovery and dispositive motions will be vacated until further order of the court. Plaintiff's request for assistance in obtaining service information for the remaining defendants will be denied without prejudice. Appointed counsel will be requested to interview plaintiff and to review his medical file; to investigate, draft and file a comprehensive Second Amended Complaint; to determine the service locations of all defendants; and to ensure, to the best of his or her ability, that all defendants are served process. Thereafter, the court will inquire whether appointed counsel is available to continue to pursue this action on plaintiff's behalf, through discovery and/or through pretrial and trial proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for appointment of counsel, ECF Nos. 42, 43, are granted; defendant's opposition thereto, ECF No. 45, is stricken.

////

---

non-compliance with the procedural and technical requirement for responding to discovery is due to his limited understanding of the law, coupled with the fact that he is blind, confined to a wheelchair, and allegedly suffers from several other mental and physical impairments." See id., ECF No. 150 at 3-5.

2. Plaintiff's motion for assistance in locating defendants, ECF No. 41, is denied without prejudice.

3. Discovery is stayed, and the deadlines set forth in the Discovery and Scheduling Order filed April 20, 2015, ECF No. 40, are vacated pending further order of the court.

4. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court and willing to accept this limited appointment.

DATED: June 5, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE