1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANCE BLAINE,                                    No.  2:13-cv-2163 KJM AC P

12                    Plaintiff,

13            v.                                       ORDER

14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
                      Defendants.
16

17        I.       Introduction

18            Plaintiff Vance Blaine is a state prisoner who proceeds pro se and in forma pauperis with

19   this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the

20   California Health Care Facility (CHCF) in Stockton, under the authority of the California

21   Department of Corrections and Rehabilitation (CDCR).  This action proceeds on plaintiff's First

22   Amended Complaint (FAC), filed April 24, 2014.  ECF No. 13.

23            Several matters are currently before the court.  On June 8, 2015, the undersigned granted

24   plaintiff's motion for appointment of counsel.  ECF No. 46.  However, exhaustive efforts by this

25   court's Alternative Dispute Resolution and Pro Bono Coordinator to locate an attorney willing to

26   voluntarily represent plaintiff have been unsuccessful.  Due to the prolonged stay of this action

27   pending the search for voluntary counsel, the court finds, in the interests of justice, that this case

28   must now proceed while the court's Pro Bono Coordinator continues efforts to obtain appointed

                                                      1

1  counsel.  This order addresses the reasons for the court's decision and the next steps in this

2  litigation.

3      II.      Efforts to Locate Voluntary Appointed Counsel

4      Nearly a year ago, the undersigned granted plaintiff's eighth and ninth requests for

5  appointment of counsel and directed this court's Pro Bono Coordinator to locate an attorney

6  willing to accept the appointment.  See ECF No. 46.  Due to the limited number of attorneys

7  available to voluntarily represent indigent civil litigants, the court appointed counsel for the

8  limited purposes of interviewing plaintiff; reviewing his medical file; investigating, drafting and

9  filing a comprehensive Second Amended Complaint; and serving process on all defendants.  Id. at

10  4.  The court noted that it would thereafter inquire whether appointed counsel was available to

11  continue to pursue this action on plaintiff's behalf, through discovery and/or through pretrial and

12  trial proceedings.  Id.

13      Throughout this period of time, the Pro Bono Coordinator diligently sought voluntary

14  counsel.  The Coordinator repeatedly inquired into the availability of the attorneys on this court's

15  pro bono panel; in addition, at the direction of the undersigned, the Coordinator inquired into the

16  availability of law professors and their students working for the civil rights clinical program at the

17  local law school.  Notwithstanding these exhaustive and repeated efforts, no lawyer agreed to

18  appointment in this case.

19      As plaintiff is aware, district courts only "may request an attorney to represent any person

20  unable to afford counsel."  28 U.S.C. § 1915(e)(1).  District courts do not have authority to

21  require an attorney to represent an indigent civil rights litigant.  See Mallard v. U.S. District

22  Court, 490 U.S. 296, 298, 310 (1989) ("[Section] 1915(d) does not authorize the federal courts to

23  make coercive appointments of counsel").  Although plaintiff has met his burden of

24  demonstrating exceptional circumstances warranting the appointment of counsel, see ECF No. 46;

25  see also Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), such appointment cannot be made

26  without the agreement of a specific lawyer.  There are no alternative resources available to this

27  court.

28  ////

2

1      Important considerations weigh in favor of resuming this case.  Cf. Davis v. Walker, 745

2  F.3d 1303, 1311 (9th Cir. 2014) (absent representation through a guardian ad litem due "to the

3  limited supply of individuals willing to represent clients like [plaintiff]," the district court's

4  indefinite stay of the action until plaintiff was "restored to competency," "fails to adequately

5  protect [plaintiff's] interests" and "amounts to a dismissal with prejudice").  The prolonged stay

6  in this case, pending the Pro Bono Coordinator's unsuccessful efforts to obtain counsel, is at risk

7  of becoming "indefinite."  The interests of justice, including the best interests of plaintiff, require

8  that the stay be lifted and this action proceed while counsel continues to be sought.

9          III.    Case Status

10     The court previously found that the FAC states Eighth Amendment claims for deliberate

11 indifference to plaintiff's serious medical needs concerning his eyes and vision; plaintiff avers

12 that he is now blind.  See ECF No. 18.  The court has identified cognizable claims against

13 defendants Dr. Manuel Sabin; Dr. Crossoh (alternatively spelled Crosoh); Dr. Thomas; and Dr.

14 Knok (alternatively spelled Knock).  Id. at 2.  Although the court granted plaintiff leave to file a

15 Second Amended Complaint, see id. at 2-4,[1] plaintiff chose to proceed on his FAC and submitted

16 information for the United States Marshal to serve process on the four identified defendants.  ECF

17 No. 19.

18     To date, only defendant Sabin has been served process and appeared in this action by

19 filing an answer to the FAC.  See ECF Nos. 36, 39.  The Marshal's efforts to serve the other

20 defendants were unsuccessful.  See ECF Nos. 28, 30 34.  The court accorded plaintiff additional

21 time to obtain accurate service information for the other defendants, see ECF Nos. 31, 35, and

22 plaintiff requested the court's assistance in obtaining such additional information, see ECF No.

23 41.  Pending service of process on the other defendants, the court issued a Discovery and

24 Scheduling Order limited to defendant Sabin, ECF No. 40; however, these dates were vacated

25 when the court granted plaintiff's request for appointment of counsel, ECF No. 46.

---

26  [1]  Plaintiff was granted leave to file a Second Amended Complaint to attempt, inter alia, to add a
27 cognizable Eighth Amendment claim against LVN McCormic and/or a claim under the
Americans with Disabilities Act against Warden Rackley or other official.  See ECF No. 18 at 2-
28 4.

1    Notwithstanding plaintiff's vision impairment, he has successfully relied on the assistance

2    of others to prepare and file documents in this case.  The undersigned is persuaded that such

3    ongoing assistance to plaintiff, together with the court's support, will facilitate the appearance and

4    participation of all defendants, the assembling of all relevant evidence, and appropriate resolution

5    in this case.

6    IV.    Next Steps

7    Due to plaintiff's documented difficulties in locating defendants, the court will request

8    that staff with the Office of the California Attorney General attempt to identify the information

9    necessary to serve process on defendants Crossoh, Thomas and Knok,[2] and to submit such

10    information to the court.  Court staff will, in turn, prepare the appropriate USM-285 forms for the

11    United States Marshal to serve process.  Alternatively, the Attorney General or her designee may

12    file waivers of service for any appropriate defendant(s).

13    After defendants have been served process or waived service of process, the court will

14    issue an Amended Discovery and Scheduling Order.  Until that time, the parties are directed to

15    refrain from conducting any discovery.

16    V.    Conclusion

17    For the foregoing reasons, IT IS HEREBY ORDERED that:

18    1.  The stay in this action, implemented June 8, 2015, is lifted for the currently limited

19    purpose of achieving service of process on all defendants.

20    2.  Plaintiff shall now represent himself pro se in this action unless and until counsel is

21    located to represent him through the continued efforts of the court's Pro Bono Coordinator;

22    however, plaintiff is informed that he may be required to proceed pro se throughout this litigation.

23    3.  The California Attorney General and her staff are requested to attempt to identify the

24    information necessary to serve process on defendants Crossoh, Thomas and Knok.[3] It is further

25
26    [2]  The Attorney General's staff is directed to the alternate spellings of defendants' names, and to plaintiff's pertinent allegations against each defendant, as set forth in the FAC and additional filings, see, e.g., ECF Nos. 1, 23, 41, 44 et seq.

27    [3]  The Attorney General's staff is directed to the alternate spellings of defendants' names, and to plaintiff's pertinent allegations against each defendant, as set forth in the FAC and additional
28    filings, see, e.g., ECF Nos. 1, 23, 41, 44 et seq.

1  requested that such information be submitted to the court for purposes of directing the United

2  States Marshal to serve process on these defendants or, alternatively, that the Attorney General's

3  designee prepare and file waivers of service for all appropriate defendants.  The Attorney General

4  or her designee is requested to file and serve a status report on these matters within forty-five (45)

5  days after the filing date of this order.

6          4.  The Clerk of Court is directed to serve a copy of this order on Ms. Monica Anderson,

7  Supervising Deputy Attorney General.

8  DATED: May 18, 2016

9  _____
   ALLISON CLAIRE
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28