1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANCE BLAINE,                          No.  2:13-cv-2163 KJM AC P

12              Plaintiff,

13        v.                                ORDER

14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
                Defendants.
16

17

18        Plaintiff, who is blind, is a state prisoner at the California Health Care Facility (CHCF).

19   Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42

20   U.S.C. § 1983.  Presently pending is plaintiff's request for accommodations in the form of a

21   portable computer with a full screen reader program.[1]  See ECF No. 55.

22        This action proceeds on plaintiff's First Amended Complaint (FAC) filed April 24, 2014.

23   ECF No. 13.  Pursuant to screening the FAC under 28 U.S.C. § 1915A, this court found that it

24   states cognizable claims against defendants Dr. Sabin, Dr. Crosson and Dr. Ditomas, for

25   deliberate indifference to plaintiff's serious medical needs concerning treatment for his eyes and

26

_____

27   [1]  Plaintiff also requests that defendants provide him with counsel at their expense, for which
     there is no authority.
28

1

vision.  See ECF Nos. 18, 36, 53.  Service of process by the United States Marshal remains

outstanding for defendants Crosson and Ditomas.[2]

Due to plaintiff's visual impairments and his continuing difficulties in pursuing this

action, the court granted plaintiff's ninth request for appointment of counsel on June 8, 2015.  See

ECF No. 46.  However, this court's Alternative Dispute Resolution/Pro Bono Coordinator was

unable to locate an attorney willing to voluntarily represent plaintiff.  Therefore, by order filed

May 19, 2016, the court informed plaintiff that he would need to represent himself.  See ECF No.

51.  The court obtained the assistance of the Office of the California Attorney General to identify

and locate the unserved defendants.  See ECF Nos. 51-3.

Pursuant to his instant request for accommodations, plaintiff states that when he was

previously incarcerated at the California Medical Facility (CMF), he was able to use "a computer

that reads all documents, take notes and receives dictations."  ECF No. 55-1 at 1.  Plaintiff states

that he has exhausted his request for the same or similar accommodations at CHCF, without

obtaining a satisfactory resolution.  He has attached copies of several accommodation requests

and two administrative appeals.[3]  These materials indicate that plaintiff has not exhausted his

---

[2]  Only defendant Sabin has been served and appeared in this action; he is represented by private counsel.

[3]  These accommodation requests and administrative appeals reflect the following:

> 1824 (ADA) Log No. CHCF-D-15-02148:  CHCF's "Reasonable Accommodation Panel" (RAP) informed plaintiff on September 2, 2015, that "[i]n accordance with the Armstrong Remedial Plan (ARP), CHCF staff are meeting the requirements . . . [because you can] utilize the ADA clerk inmate workers . . . in the law library [and] two Optilex machines which can read books and other written documents to you, you may wear headphones in order to maintain confidentiality."  ECF No. 55-1 at 6.  Plaintiff was informed that he could file a CDCR 602 if he disagreed.  Id.

> 602 Appeal Log No. CHCF-D-15-01971:  Plaintiff complained in part that "the vision impaired machine in the library does not take notes or write or take dictation. . . ."  ECF No. 55-1 at 10.  The appeal, which noted plaintiff's TABE score at 1.7, was partially granted on Second Level Review, on October 21, 2015, on the ground that plaintiff could access one of the two "Optelec devices" during his assigned library hours, "which magnifies and reads text in audible format."  Id. at 8.  However, plaintiff was informed that "CHCF does not have a machine that can transcribe or dictate audio

(continued…)

2

1  administrative remedies through Third Level Review, which is a prerequisite to asserting a new

2  claim in this (or another) action under the Americans with Disabilities Act.[4]  Nevertheless, these

3  materials also appear to indicate that plaintiff has no further practical recourse for obtaining

4  technical or personal assistance in researching and preparing his legal materials, particularly in

5  obtaining access to a technical program that both "reads" and "writes."

6        Due to the special circumstances in this case, the court will request that the Office of the

7  California Attorney General inquire of the CHCF Litigation Coordinator and/or Law Librarian

8

9  verbiage.  CHCF is meeting the requirements set by Armstrong Remedial Plan."  Id.  In response to plaintiff's request that other inmates or staff be permitted to read plaintiff's confidential documents, or make writings or take dictations thereon, the CHCF Warden informed plaintiff  that such activities were not permitted under Cal. Code Regs. tit. 15, § 3450(d) ("No inmate or parolee shall prepare, handle, or destroy any portion of a departmental record containing confidential information as that term is defined in section 3321.").  Id.

14  1824 (ADA) Log No. CHCF-D-15-03117:  CHCF's RAP informed plaintiff on November 30, 2015, that the Librarian would assist him in writing letters to the court informing court staff of plaintiff's disabilities. ECF No. 55-1 at 14-6.

16  1824 (ADA) Log No. CHCF-D-15-02714:  CHCF's RAP informed plaintiff on December 8, 2015, that, inter alia, his request for additional time in the library was approved with modification.  ECF No. 55-1 at 13.

19  602 Appeal Log No. CHCF-D-15-03540:   This appeal was screening out as duplicative of 602 Appeal Log No. CHCF-D-15-01971.  ECF No. 55-1 at 11-2.

21  1824 (ADA) Log No. CHCF-D-16-01699:  CHCF's RAP informed plaintiff on June 29, 2016, that his requests for a computer with a full screen reader program along with a windows and office program, was disapproved as duplicative.

23

24  [4]  The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)).

    Plaintiff is informed that new claims based on actions that took place *after* the original complaint was filed, are not barred under McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (per curiam), so long as plaintiff exhausted them prior to including them in the operative amended complaint.  See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); see also Akhtar v. J. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012).

28

1   about the ways in which plaintiff is currently supported in pursuing this action, and whether there

2   are any additional means to support him, e.g., by providing additional personal assistance and/or

3   additional technical support (for example, a computer program that provides both text-to-speech,

4   and speech-to-text, options, borrowed or leased from another CDCR facility (e.g., CMF) or

5   another state entity (e.g., California Department of Rehabilitation)).

6          Accordingly, IT IS HEREBY ORDERED that:

7          1.  The Office of the California Attorney General is requested to:

8                 a.  Contact the Litigation Coordinator and/or Law Librarian at the California

9   Health Care Facility to determine the ways in which plaintiff is currently supported in his

10   pursuit of this action, and to specifically identify all potential additional means and

11   methods for constructively supporting plaintiff through the conclusion of this action; and

12                 b.  Within 30 days after the filing date of this order, file and serve a statement

13   reflecting the findings of such inquiry, including all appropriate declarations.

14          2.  The Clerk of Court is directed to serve a copy of this order on Ms. Monica Anderson,

15   Supervising Deputy Attorney General.

16   DATED: September 7, 2016

17

18                                              ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                                4