UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>    Defendants. | No.  2:13-cv-2163 KJM AC P<br><br><br>ORDER |

  Plaintiff, a visually impaired state prisoner incarcerated at the California Health Care Facility (CHCF), proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. 1983.  This action proceeds on plaintiff's First Amended Complaint filed April 24, 2014.  See ECF No. 13.

  By order filed September 8, 2016, in response to plaintiff's request for accommodations, see ECF No. 55, this court requested that the Office of the California Attorney General contact CHCF to identify the accommodations accorded plaintiff in pursuing this action.  See ECF No. 57.  The court acknowledges the helpful efforts of Deputy Attorney General (DAG) Matthew Ross Wilson in investigating this matter and filing a response by special appearance, together with a declaration submitted by T. Weinholdt, CHCF's Americans with Disabilities Act Coordinator.  See ECF No. 60.

The response indicates that plaintiff has access to all accommodations available at CHCF, including a Merlin Elite HD Magnifier Enhanced Vision machine in the prison library, that optimizes and enlarges text, and audibly reads text that plaintiff may listen to with headphones; that neither CHCF nor the California Medical Facility, plaintiff's prior place of incarceration, have access to a machine capable of taking notes and dictation; that plaintiff has access to law librarians who can read documents and write for him, and assist with legal research; that plaintiff also has access to personal assistants working with the Inmate Disability Assistance Program, in both the law library and housing units, who can access plaintiff's legal documents with his consent and the approval of custody staff, and read and write for plaintiff; and that plaintiff may call on the assistance of other inmates.  See ECF No. 60.

For these several reasons, the court finds that plaintiff presently has adequate accommodations to pursue the instant action.  Plaintiff's request for additional accommodations, ECF No. 55, is therefore denied.

At this juncture, two of the three defendants in this action have been served process.  See ECF Nos. 36, 39 (defendant Sabin waived service and filed an answer); ECF No. 59 (defendant Crosson waived service).  Service of process remains outstanding for defendant Ditomas.  See ECF No. 53.  Discovery is stayed and there are no existing deadlines.  See ECF No. 46.  After defendant Ditomas has been served process, and both he and defendant Crosson have answered the complaint, the court will issue a new Discovery and Scheduling Order.  Plaintiff is advised that, pending further scheduling in this action, he should organize his legal documents and prepare his potential discovery requests for each defendant.[1]

////

////

////

---

[1] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request for additional accommodations, ECF No. 55, is denied.

DATED: October 11, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE