UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>    Defendants. | No. 2:13-cv-2163 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner under the authority of the California Department of Corrections and Rehabilitation (CDCR), has filed objections to the court's order filed October 12, 2016, which found that the California Health Care Facility offers adequate support to accommodate plaintiff's bilateral visual impairments. See ECF No. 61 (Order filed Oct. 12, 2016). Plaintiff challenges the adequacy of the enhanced vision machine, known as the Merlin Elite HD Magnifier, to assist plaintiff's vision due to the low visual acuity of his right eye and pain in both eyes. See ECF No. 62. Plaintiff also objects to using the personal assistance offered by the Inmate Disability Assistance Program (IDAP), due to matters of confidentiality and the allegedly inherent limitations of the program, e.g., the inability of IDAP assistants or other inmates to handle confidential material. Id. at 1 (citing 15 Cal. Code Regs. tit. 15, §§ 3321, 3450(d)). For these reasons, plaintiff again requests appointment of counsel.

1

As the undersigned set forth at length by order filed May 19, 2016, despite granting plaintiff's prior request for appointment of counsel on June 8, 2015, this court's Alternative Dispute Resolution and Pro Bono Coordinator was unable to locate an attorney willing to voluntarily represent plaintiff in this action.[1]  See ECF No. 51.  Therefore, the court found, in the interests of justice, that this case must proceed with plaintiff proceeding in pro se.  The court has provided additional support for plaintiff, for example, directing the Office of California Attorney General to assist in identifying, and provide the information necessary to serve process on, the appropriate defendants.  Id. at 4; see also ECF Nos. 52, 53.  The court directed the parties to refrain from conducting any discovery until completion of service of process.  ECF No. 51 at 4.  After all defendants have been served process or waived service of process, the court will issue an Amended Discovery and Scheduling Order.  Id.

Plaintiff appears to construe too narrowly the CDCR regulations concerning the handling of confidential material.  "Confidential material" is limited to information the disclosure of which "would endanger the safety of any person," "jeopardize the security of the institution," or "be medically or psychologically detrimental to the inmate."  15 Cal. Code Regs. tit. 15, § 3321.  Such information is not available to any inmate, whether or not represented by counsel; if such information is potentially relevant to an inmate's action, the court will review the information *in camera* to determine whether it is material and, if so, to provide the information to plaintiff in redacted form.  If plaintiff is aware of specific "confidential material" that he believes is relevant to this action, he may later request it from defendants pursuant to discovery, who may in turn

---

[1] Plaintiff has been informed of the following standards that guide the court in granting a request for appointment of counsel in a prisoner's civil rights action.  Significantly, this court has no authority to *require* any attorney to represent an indigent prisoner in a civil rights action.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain exceptional circumstances may a district court *request* the voluntary assistance of a willing attorney.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, and in many cases physical and/or mental disabilities, do not establish exceptional circumstances warranting appointment of counsel, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), particularly if none are available.

request the court's *in camera* review. As plaintiff notes, according to CDCR regulations, inmates or others who assist other inmates may handle only nonconfidential information. Id. at §§ 3041(e), 3450(d). It remains plaintiff's choice whether to allow an assistant or other inmate to handle information and documents which are not classified "confidential" by CDCR regulations but which plaintiff prefers to remain private.

Plaintiff is reminded that, of the three defendants named in this action, defendants Sabin and Crosson have appeared. See ECF Nos. 36, 39, 59. Service of process remains outstanding with the United States Marshal for defendant Ditomas. A waiver of service was mailed to defendant Ditomas on June 23, 2016. The court will issue an Amended Discovery and Scheduling Order once all defendants have appeared in this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's "objections" filed October 21, 106, ECF No. 62, construed as a further request for appointment of counsel, is denied without prejudice.

DATED: October 25, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3