1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VANCE BLAINE,                           No.  2:13-cv-2163 KJM AC P

12               Plaintiff,

13        v.                                 ORDER

14   CALIFORNIA HEALTH CARE
     FACILITY, et al.,
15
                 Defendants.
16

17

18        Plaintiff, a state prisoner, requests extended time to respond to defendants' pending

19   motions to dismiss and for judgment on the pleadings.  See ECF No. 81; see also ECF Nos. 65,

20   70, 80.  The current deadline is January 20, 2017.  See ECF Nos. 73, 76.  Plaintiff, who is visually

21   impaired, has filed his request and supporting declaration with the assistance of another person.[1]

22   Plaintiff avers in part that he is unable to oppose the motions because there has been no discovery

23   in this case.

24        Also pending in this case is a status report from the Office of the Attorney General

25   requested by this court on December 5, 2016, concerning the prison resources available to support

26

27   [1]  The court again recounts that, although plaintiff's request for appointment of counsel was
     granted on June 8, 2015, ECF No. 46, court staff have been unable to locate an attorney to
28   represent plaintiff; therefore, plaintiff must proceed in this action pro se, ECF No. 57.

                                            1

1    plaintiff in this action.  See ECF No. 76.  A report is to be filed and served by January 4, 2017.

2    Pending the court's review of this report, the deadline for plaintiff's oppositions to the pending

3    motions will be vacated until further order of this court.

4         Plaintiff is informed that the pending motions, filed pursuant to Federal Rules of Civil

5    Procedure 12(c) and 12(b)(6),[2] are pre-discovery motions based on the adequacy of the

6    allegations set forth in plaintiff's operative First Amended Complaint (FAC).  See ECF No. 13.

7    In contrast, the "Rand Notice" to which plaintiff refers sets forth the requirements for opposing a

8    motion for summary judgment, which may be filed only after the close of discovery.  The detailed

9    response described in the Rand Notice is not required in opposing the pending motions.

10        The court also notes that, in reviewing plaintiff's FAC and granting his request for

11   appointment of counsel, the undersigned found that this action would benefit from the filing of a

12   Second Amended Complaint (SAC).  See e.g. ECF Nos. 18, 46.  Therefore, once a new deadline

13   has been set, plaintiff may, in addition to submitting his arguments in opposition to the pending

14   motions, submit a proposed SAC (and motion for leave to proceed on the proposed SAC) that

15   attempts to cure the deficiencies of the FAC.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's request for extended time, ECF No. 81, is granted in part.

18   ////

19   ////

20

---

21   [2]  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable
     legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela

22   Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a
     plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell

23   Atlantic Corp. v. Twombly, 550 U.S. 540, 570 (2007). A claim is facially plausible when a
     plaintiff pleads "factual content that allows the court to draw the reasonable inference that the

24   defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The
     court must "accept factual allegations in the complaint as true and construe the pleadings in the

25   light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519
     F.3d 1025, 1031 (9th Cir. 2008). However, the court cannot "accept as true allegations that are

26   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead
     Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

27        The legal standards governing Rule 12(c) motions are the same as that which governs a

28   Rule 12(b)(6) motion.  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

2. The current deadline for plaintiff to oppose defendants' pending motions is vacated pending further order of this court.

SO ORDERED.

DATED:  December 20, 2016

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE