UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE, | No. 2:13-cv-2163 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a visually impaired state prisoner, currently incarcerated at the California Health Care Facility (CHCF), who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the court grants plaintiff's motion to proceed on his proposed Second Amended Complaint (SAC), as construed herein, and denies without prejudice defendants' pending motions challenging the First Amended Complaint.

II.   Background

Due to plaintiff's visual impairments and difficulties in pursuing this action, the court granted his request for appointment of counsel on June 8, 2015.  See ECF No. 46.  However, the court's Pro Bono Coordinator was unable to locate an attorney willing to voluntarily represent

1

1  plaintiff.  Therefore, on May 19, 2016, the court informed plaintiff that he would need to

2  represent himself.  See ECF No. 51.  The court obtained the assistance of the Office of the

3  California Attorney General to identify and locate the unserved defendants.  See ECF Nos. 51-3.

4  Upon screening the First Amended Complaint, the court found that it states cognizable

5  claims against defendant medical providers Crosson, Sabin and Ditomas for deliberate

6  indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.  Each of

7  these defendants has appeared in this action – defendants Crosson and Ditomas pursuant to

8  separate motions to dismiss, ECF Nos. 65 & 70, defendant Sabin pursuant to a motion for

9  judgment on the pleadings, ECF No. 80.  The court vacated the deadlines for plaintiff to respond

10 to defendants' motions while he prepared, with the assistance of another inmate, his proposed

11 SAC and pending motion to proceed thereon.  See ECF No. 82.  Defendants Ditomas and Sabin

12 have filed statements of non-opposition to plaintiff's motion to amend.  See ECF Nos. 87, 91.

13 Meanwhile the court requested, for the second time, that Deputy Attorney General (DAG)

14 Matthew Ross Wilson investigate and report on the prison resources available to support plaintiff

15 in this action.  See ECF No. 76.  The DAG's second report was filed and served on January 18,

16 2017, and includes the declarations of CHCF Litigation Coordinator E. Takehara and CHCF

17 Senior Librarian A. Chaudhry.  See ECF No. 86.  The court is persuaded by these declarations

18 and report that plaintiff is receiving all available assistance and resources at CHCH to support his

19 pursuit of this action.

20       III.     Motion to Proceed on Second Amended Complaint

21 This court should freely grant leave to amend a pleading "when justice so requires."  Fed.

22 R. Civ. P. 15(a)(2).  The written consent of opposing parties underscores the liberal application of

23 this rule.  Id.

24 Plaintiff's proposed SAC was prepared with the assistance of another inmate, Gary

25 Poucher.  The proposed SAC consists of a 12-page typed pleading and 312 pages of exhibits.

26 ECF No. 90.  Upon screening the proposed SAC pursuant to 28 U.S.C. § 1915A, this court finds

27 that it sets forth the pertinent allegations to state cognizable Eighth Amendment claims against

28 each of the individual defendants.  Accordingly, plaintiff will be permitted to proceed on his SAC

against defendants Crosson, Sabin and Ditomas.

The SAC names a fourth defendant, "CHCF et al.," against whom plaintiff broadly alleges a claim under the Americans with Disabilities Act, "for the flagrant denial of Plaintiff's right to adequately assist him in accessing the Courts due to his verified disability, which is blindness."[1] ECF No. 90 at 8-9. The SAC alleges that plaintiff has been denied a "laptop computer with text to speech/speech to text, and other equipment necessary to utilize the functions of the nexus/lexus and other features," and that "defendants have arbitrarily and capriciously continued to lie and deceive the Court, stating that plaintiff has everything he needs to property adjudicate this suit, in regards to ADA accommodations [citing to DAG's recent report]." Id. at 9.

The Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12131–12134, precludes discrimination on the basis of disability and applies to inmates and parolees in the state correctional system. Armstrong v. Wilson, 124 F.3d 1019, 1022-24 (9th Cir. 1997); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998) (claim against "public entity" under Title II of ADA may be directed to state correctional systems). In order to state a claim under Title II of the ADA, plaintiff must allege the following:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.

O'Guinn v. Lovelock Corr. Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations, punctuation and internal quotation marks omitted). To recover money damages under Title II, a plaintiff must prove that he was discriminated against intentionally. Duvall v. County of Kitsap, 260 F.3d 1124, 1138–39 (9th Cir. 2001).

In the present case, the court, with the cooperation of the DAG and prison officials, has twice inquired into the services available to support plaintiff due to his disability. See DAG Reports, ECF Nos. 60, 86. The court previously found that plaintiff was requesting technology

---

[1] The SAC states elsewhere that plaintiff has "severely limited vision" that continues to deteriorate. ECF No. 90 at 4.

1  that is unavailable, viz., a computer that will take notes for him.  See ECF No. 61 at 2 ("neither
2  CHCF nor the California Medical Facility, plaintiff's prior place of incarceration, have access to a
3  machine capable of taking notes and dictation").  This remains the case.  See ECF No. 86 at 4
4  ("CHCF has no such machine.").  Plaintiff has not reasonably alleged that access to such a
5  machine is a "service, program or activity" available to other inmates.  Moreover, it is clear from
6  the DAG's reports that plaintiff has been uniquely supported in a variety of other ways that
7  achieve a similar result, e.g., plaintiff was accorded Priority Library User (PLU) status for an
8  extended period (three to four months), and permitted library access on both shifts of the day
9  allotted to inmates in his housing unit; plaintiff has obtained the assistance of librarian staff and
10 special needs inmate clerks in reading case law and taking dictation; plaintiff has access to
11 enhanced vision machines that read documents aloud and permit the enlargement and brightening
12 of text; he also has access to the Law Library Electronic Delivery System (LLED), touchscreen
13 legal research computers that enable the enlargement of text, available both in the library and in
14 plaintiff's housing unit; and plaintiff is provided printed copies of cases upon request, three cases
15 at a time.  Apparently plaintiff has not accessed the enhanced vision machines.  See ECF No. 86-
16 2 at 4, ¶ 15.  Nevertheless, it appears that CHCF is providing plaintiff with all *available*
17 accommodations.  There appear to be no services available to other inmates, including those with
18 visual impairments, from which plaintiff is being excluded.

19        The general nature of plaintiff's allegations, viewed together with the known services and
20 support available to plaintiff, fail to state a cognizable ADA claim.  Plaintiff, like other visually
21 impaired inmates, must utilize the technical resources available to him and be resourceful and
22 persistent in obtaining the assistance of staff and other inmates, as he has done in obtaining the
23 assistance of Mr. Poucher.  The court will dismiss plaintiff's ADA claim and defendant "CHCF et
24 al." without prejudice.  If plaintiff is later able to demonstrate that he has been excluded from
25 participation in or denied the benefits of an existing and available CDCR service, program or
26 activity for which he is otherwise qualified, and that he has administratively exhausted the claim,
27 he may move the court to further amend his complaint.
28 ////

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed on his proposed Second Amended Complaint, ECF No. 85, is granted.

2. This action shall proceed on plaintiff's Second Amended Complaint, ECF No. 90, against defendants Crosson, Sabin and Ditomas, on plaintiff's Eighth Amendment claims.

3. Plaintiff's ADA claim and defendant "CHCF et al." are dismissed from the SAC and this action without prejudice.

4. Defendant Crosson's motion to dismiss, ECF No. 65, defendant Ditomas' motion to dismiss, ECF No. 70, and defendant Sabin's motion for judgment on the pleadings, ECF No. 80, are each denied without prejudice.

5. Defendants shall file and serve a response to plaintiff's Second Amended Complaint within thirty (30) days after the filing date of this order.

SO ORDERED.

DATED: March 14, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE