UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>        Defendants. | No. 2:13-cv-2163 KJM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is blind or nearly blind, is suing three medical providers – defendants Crosson, Sabin and Ditomas – for deliberate indifference to his serious medical needs. By order filed March 15, 2017, the court found that plaintiff's Second Amended Complaint (SAC), see ECF No. 90, states cognizable Eighth Amendment claims against defendants Crosson, Sabin and Ditomas, but does not state a cognizable claim under the Americans with Disabilities Act. See ECF No. 93. Defendants were directed to file their responses to plaintiff's SAC within thirty days. Id.

On March 20, 2017, plaintiff filed a notice of change of address and request for appointment of counsel. Due to cancer, plaintiff has been transferred to hospice care at the California Medical Facility, where he has been told he may live only six to ten more months, and

1

where he has no access to a law library.  As the docket reflects, this court previously found that extraordinary circumstances in this case warrant the appointment of counsel; this finding is now both underscored and urgent.  The court endeavored without success to obtain appointed counsel for plaintiff and then, through repeated requests to the Office of the California Attorney General and prison officials, sought to ensure that adequate support services were available to plaintiff to pursue this action on his own.

Because time is now of the essence, the court's Pro Bono Coordinator will again be tasked with seeking to locate an attorney willing to represent plaintiff, for the limited purposes of meeting with plaintiff, reviewing his documents, and participating in a mandatory settlement conference.  Appointed counsel may conduct limited discovery if necessary, on an expedited and informal basis, to review and/or obtain all of plaintiff's relevant medical records (including through the California Department of Corrections and Rehabilitation) and any relevant documents in each of the defendants' possession.  Defendants are directed to promptly produce all relevant documents.  No discovery may be sought from plaintiff, as all of plaintiff's relevant documents appear to be attached to his SAC (335 pages).  No depositions will be conducted at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 94, is granted.

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the following purposes:

   A. To expeditiously locate an attorney admitted to practice in this court who is willing to accept appointment to represent plaintiff for the limited purposes noted above; and

   B. After locating counsel willing to accept appointment on plaintiff's behalf, to schedule a mandatory settlement conference within the following two to three months.

////
////
////
////

3. The Clerk of Court is also directed to send plaintiff, together with a copy of this order, a copy of the court's order filed March 15, 2017 (ECF No. 93).

SO ORDERED.

DATED: March 31, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE