UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE BLAINE,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>        Defendants. | No. 2:13-cv-2163 KJM AC P<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

    Plaintiff is a state prisoner proceeding with appointed counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This court has determined that a settlement conference would be helpful in this case. See ECF No. 95. On April 4, 2017, counsel was appointed for the limited purpose of representing plaintiff at a settlement conference. See ECF No. 96. Pursuant to this order, the settlement conference is scheduled before United States Magistrate Judge Kendall J. Newman on June 8, 2017, at 9:00 a.m., at the Robert T. Matsui Federal Courthouse, Courtroom #25, 801 I Street, Sacramento, California 95814.

    Due to the exigencies of this case, plaintiff's counsel is requested to meet with plaintiff as soon as possible to, inter alia, advise plaintiff of the following options for appearing at the settlement conference: (1) plaintiff may remain at the California Medical Facility and, together with counsel in his presence, appear via video, or (2) plaintiff may appear via video or by

1

telephone while his counsel appears in person at the conference.  Plaintiff's counsel is directed to notify the court of plaintiff's choice no later than thirty days after the filing date of this order.  A separate order and writ of habeas corpus ad testificandum will issue as soon as counsel informs the court how plaintiff will appear at the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before United States Magistrate Judge Kendall J. Newman on June 8, 2017, at 9:00 a.m., Robert T. Matsui Federal Courthouse, Courtroom #25, 801 I Street, Sacramento, California 95814.

2. Plaintiff's counsel shall notify the court no later than thirty days after the filing date of this order how plaintiff will appear at the settlement conference.

3. Each party must have a principle at the settlement conference with full and unlimited authority to negotiate and enter into a binding settlement agreement.[1]  Defendants' principle must attend in person.

4. Those in attendance must be prepared to discuss all claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

////

////

////

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

5. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the court via email using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, he or she may do so pursuant to the provisions of Local Rule 270(d) and (e).

SO ORDERED.

DATED: April 4, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE